**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE,
EASTERN DIVISION**

---

**RANDY MARTIN,**

     **Plaintiff,**

**vs.**

                                **No. 1:11-CV-1204-JDB-egb**

**PERFORMANCE BOAT BROKERAGE.
COM, LLC and MATTHEW EDWARD
SMITH,**

     **Defendants.**

---

**AMENDED REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AS TO
DEFENDANTS' MOTION TO CONTINUE HEARING**

---

This matter came to be heard on the 30th day of August, 2011, at 10:00 am upon Defendants' Motion for Continuance filed on August 29, 2011, ("Continuance Motion"), to continue the hearing on Plaintiff's Motion for Contempt and Sanctions also set for August 30, 2011 at 10:00 am, ( the "Contempt Motion"). And, it appearing to the Court that based upon the pleadings, the statements of counsel, the testimony of witnesses and the record as a whole, the Magistrate Judge reports as follows:

1. On July 14, 2011 after notice and hearing, the Honorable James D. Todd issued a preliminary injunction in this action prohibiting Defendants, Matthew Smith and Performance Boat Brokerage.com, LLC from selling the business known as Performance Boat Brokerage.com, LLC. In the same preliminary injunction this Court ordered that the Defendants be enjoined from selling any of the assets of Performance Boat Brokerage.com, LLC except in the normal and ordinary course of

business without permission of the court.

2.   Having been informed that Defendants purportedly sold or transferred assets outside the ordinary course, Plaintiff filed his Motion for Contempt and Sanctions against Defendants on August 11, 2011.

3. Plaintiff filed his Supplemental Memorandum in Support of his Motion for Contempt and Sanctions on August 12, 2011.

4. On August 12, 2011, this Court referred this matter to the United States Magistrate Judge for a report and recommendation.

5. On August 17, 2011, Plaintiff filed a Motion for an Expedited Hearing.

6.   This Court granted Plaintiff's Motion for an Expedited Hearing and issued a Setting Letter setting the hearing for August 24, 2011 at 10:00 a.m.

7. On August 23, 2011, Defendants filed their first Motion for Continuance of the Expedited Hearing and requested a phone hearing regarding the same. This was heard on the same date by the Magistrate Judge, with counsel for Plaintiff and Defendants being present by phone.

8. An Agreed Order was submitted by counsel for both parties to the Magistrate Judge on August 24, 2011. The Magistrate Judge issued a Report and Recommendation to the Court to execute the Agreed Order continuing the Contempt Motion to August 30, 2011 at10:00 a.m.

9.   In attendance at the hearings of August 30, 2011 were Brent Manire and Mark Waddington, who were present in response to subpoenas issued pursuant to   Rule 45 of the Federal Rules of Civil Procedure.   Defendant Matthew Smith was not present and, after hearing argument from counsel for  Plaintiff and Defendants as to

the Continuance Motion, the Magistrate Judge indicated that the continuance would be denied.

10. After a request by the parties for a brief recess, the Magistrate Judge was informed by counsel for the parties that an agreement had been provisionally reached to continue and postpone the hearing on the Contempt Motion provided that Mark Waddington, a member of Performance, LLC, or Performance, LLC, a Missouri LLC, would agree to pay $125,000.00 on or before October 1, 2011 into a Rainey, Kizer, Reviere & Bell trust account, purportedly being a deferred portion of the purchase price owing to the Defendants for certain assets acquired from the Defendants by Performance, LLC pending resolution or disposition of the Contempt Motion.

11. Mark Waddington testified that:

    a. He was a member of Performance, LLC and that he provided certain documents to Plaintiff in response to a subpoena issued by this Court.

    b. Performance, LLC was a party, as "Buyer," under a certain "Asset Purchase Agreement with Matthew Smith and Performance Boat Brokerage.com, LLC dated August, 2, 2011, ("Asset Purchase Agreement").

    c. The transaction contemplated under the Asset Purchase Agreement closed on August 2, 2011 and that he nor anyone with Performance, LLC was aware of the Preliminary Injunction issued by this Court.

    d. Under the Asset Purchase Agreement, Performance, LLC is obligated to pay to Defendants, Matthew Smith and Performance Boat Brokerage.com, LLC, the sum of $125,000.00 on or before October 1, 2011.

    e. He, or Performance, LLC, as the case may be, is willing to pay the

$125,000.00 to the Rainey, Kizer, Reviere & Bell trust account on the condition that title to the assets acquired under the Asset Purchase Agreement is not encumbered or impaired by the Preliminary Injunction and that this Court would amend the Preliminary Injunction to conditionally permit the transfer of the assets acquired under the Asset Purchase Agreement upon the payment of the $125,000.00 to the trust account pending further orders of this Court.

12. Finally, the parties agreed the hearing on the Contempt Motion should be continued until a time set by this Court, upon request by Plaintiff.

It is, therefore, recommended:

A. That Performance, LLC and/or Mark Waddington as purchasers of certain assets of Defendants, Performance Boat Brokerage.com, LLC and Matthew Smith, shall deposit the sum of one hundred twenty-five thousand dollars ($125,000.00) into the Rainey, Kizer, Reviere and Bell trust account on or before the 1st of October, 2011, to be held along with the $25,000.00 previously ordered to paid by Defendants pending further orders from this Court.

B. That upon the payment of $125,000.00 into the Rainey, Kizer, Reviere and Bell trust account by Performance, LLC and/ or Mark Waddington, such payment shall be deemed to constitute the second payment by the "Purchaser" to or for the benefit of the "Seller" pursuant to Paragraph 4 of the Asset Purchase Agreement and, as such, shall not constitute a breach of the Asset Purchase Agreement.

C. That the Preliminary Injunction dated July 14, 2011 remain in effect and that no further assets or funds owned by Defendants Matthew E. Smith and/or Performance Boat Brokerage.com, LLC on the date of this Order or on the date of the Order dated July 14, 2011 shall be transferred, removed, conveyed, or sold, except in the ordinary course and scope of business, pending further order of the Court.

D. That any further sale of the assets of the business known as Performance Boat Brokerage.com, LLC or Matthew Smith be prohibited and any transfer of funds or assets associated with the sale be prohibited as well, except in the ordinary course and scope of business, pending further order of this Court.

E. That the transfer of assets under the Asset Purchase Agreement shall be provisionally permitted provided that the deferred payment of one hundred twenty-five thousand dollars ($125,000.00), purportedly due to Defendants from Performance, LLC, be paid  or  wired to the Rainey, Kizer, Reveire and Bell trust account on or before October 1, 2011.

F. That Defendant Matthew E. Smith be present at the hearing on the Contempt Motion.

Respectfully submitted, this the 12th day of September, 2011.


**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE