IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE,
EASTERN DIVISION

RANDY MARTIN,

    Plaintiff,

vs.

                                                                                              No. 1:11-CV-1204-JDB-egb

PERFORMANCE BOAT BROKERAGE.
COM, LLC and MATTHEW EDWARD
SMITH,

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Randy Martin's Motion for Default Judgment against Defendants Performance Boat Brokerage.Com, LLC and Matthew Edward Smith [D.E. 65]. This matter has been referred to the Magistrate Judge for Report and Recommendation and a hearing, if necessary, as to damages [D.E. 67]. The Court Clerk has entered a default against the Defendants [D.E.63]. With proper notice to the Defendants, the hearing for a Default Judgment was set for May 9, 2012. Leading up to that hearing, on May 4, 2012, pro se Defendant Smith called this Magistrate Judge's chambers and asked whether he needed to be at the default judgment hearing. Chambers staff informed Defendant Smith that he needed to appear at the hearing or have legal counsel appear on his behalf if he wanted to avoid a default judgment. On May 9, 2012 the Magistrate Judge conducted a hearing to ascertain damages and neither Defendant appeared at the hearing.

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a

responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.). When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983).

As to the Plaintiff's damages in the present case, this Magistrate Judge was provided with extensive testimony from the Plaintiff. In essence, the Plaintiff purchased a boat on May 19, 2010 from Defendants for the amount of $155,000.00 supposedly free and clear of liens, mortgages and other encumbrances of any kind. Upon learning that GEMB Lending, Inc. held a lien on the boat for $202,519.30, Plaintiff was assured by Defendants that funds would be sent immediately to secure the release of the lien. Over the course of time leading to this lawsuit being filed July 11, 2011, Defendants, through a series of delaying tactics, promises and fraudulent acts never provided Plaintiff with a clear title to the boat.

After considering this testimony, the documents presented during the hearing (to include the exhibits and Affidavits) and the entire record in this case, this Court recommends that the amount of damages necessary and proper to compensate Plaintiff Martin are as follows:

a.  The **$155,000.00** purchase price of this boat and the insurance and storage costs incurred by Martin during the period he could not use the boat due to the encumbrances he discovered after buying the boat from Defendants[1]. Plaintiff Martin incurred **$2,575.00** in storage fees and **$2,379.16** in insurance costs during this period when the boat has been stored.

---

[1] While Plaintiff has possession of the boat, he does not have good title. Therefore, the Magistrate Judge does not believe there are duplicative remedy concerns.

b.  Plaintiff is entitled to recover Attorney fees and expenses incurred as a result of Defendants' violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 *et seq.* ("TCPA") in the reasonable and necessary amount of **$29,758.50 and $1,960.12** respectively;

The Magistrate Judge further recommends that the District Court find that Defendants acted willfully and committed fraud throughout their dealings with Plaintiff in this transaction wherein Defendants violated the TCPA. Defendants failed to disclose the lien encumbering the boat and once known, failed to clear this lien in favor of Plaintiff. Instead, Defendants, throughout the many months involved, engaged in a pattern of lies to the Plaintiff in order to cover up their inability to ever provide Plaintiff with a clear title to the boat. They even fabricated what appeared to be correspondence from GEMB Lending, Inc. dated September 21, 2010, and provided it to Plaintiff to assure him the lien would be released within twenty days. As such, **treble damages** pursuant to the TCPA are appropriate and should be awarded Plaintiff. Treble damages are "based upon the defendant's conduct and are particularly appropriate in cases involving fraud or willful misconduct." *Spence v. Moody*, 1987 Tenn. App. LEXIS 3078 at *12-13 (Tenn. Ct. App. 1987). The evidence before this Court clearly establishes Defendants are guilty of deceptive acts and fraudulent conduct throughout the lengthy course of this transaction, and the Magistrate Judge recommends an award of treble damages amounting to three times the total damages be awarded pursuant to the Tennessee Consumer Protection Act.

Default judgments for claims under the TCPA may include treble damages and attorney fees, as these are statutorily granted remedies under the Act. Jo*nes v. Buddy Gregg Motor Homes, Inc.* 2011 U.S. Dist. Lexis 3596 at *7-9 (E.D. Tenn. Code Ann. §47-18-109; see also *Crawley v. Bracken, LLP*, 2010 U.S. Dist. LEXIS 87763 (M.D. Tenn. 2010). And the Tennessee

Court of Appeals has explained in *Nzirubusa v. United Imports, Inc.* et al., 2006 Tenn. App. LEXIS 413 at *11-12 (Tenn. Ct. App. 2006), "Additionally, the furnishing of a clean title is a distribution of property that arises from a commercial transaction and, consequently, unfair or deceptive acts or practices in regard to such a distribution can lead to civil liability under the Act."

In sum, the damages recommended here consist of the Plaintiff recovering the purchase price of the boat (**$155,000.00**), the insurance costs (**$2575.00**) and the storage fees (**$2379.16**) for a total of **$159,954.16.** Based upon the fraud of the Defendants, this Court recommends further that these damages be trebled resulting in a default judgment against the Defendants in the amount of **$479,862.48**. The Magistrate Judge further recommends the award of attorney fees and expenses in the total amount of **$31,718.62**, which specifically does not include fees and expenses incurred after the filing of the Application for Default Judgment. The Court notes Plaintiff's request to submit the amounts of additionally incurred fees and expenses. Plaintiff may file a request to supplement his request for additional fees and expenses which the Court may consider.

Respectfully submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  **May 25, 2012**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**